IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JESSICA K. THOMPSON                                                            PLAINTIFF

     v.                                    CIVIL NO. 08-5143

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                 DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Jessica Thompson brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her applications for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). (Doc. # 1). The defendant filed an answer to plaintiff's action on September 26, 2007, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. (Doc. # 5).

On October 27, 2008, the Commissioner, having changed positions, filed a motion requesting that plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (Doc. # 7). Specifically, the defendant states that the ALJ did not give plaintiff an opportunity to testify at her administrative hearing and issued a denial decision without the benefit of her testimony.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to

consider new, material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, we find remand for the purpose of allowing the ALJ to hold a supplemental hearing to allow the plaintiff to testify appropriate.

Based on the foregoing, we reverse the decision of the ALJ and remand this case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 27th day of October 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)